PORTER v MICHIGAN MUTUAL LIABILITY COMPANY (ON REMAND)

Docket No. 48015. Submitted December 10, 1979, at Grand Rapids.— Decided April 24, 1980.

Philip Porter was injured when his motorcycle was struck by an automobile, and he brought an action to recover no-fault insurance benefits from Michigan Mutual Liability Company, the insurer of an automobile owned by his father, or from Aetna Life and Casualty Company, the insurer of the automobile which struck him. Porter lived with his father, and the father's no-fault insurance policy provided for a $5,000 deductible where the injury arose out of the use of an owned motorcycle by the named insured or a relative. The plaintiff argued that the $5,000 deductible violated the no-fault insurance act, that the statutory .delegation to the Insurance Commissioner of authority to approve such deductibles was not made with the constitutionally required standards, and that the deductible violated the Equal Protection and Due Process Clauses. The Berrien Circuit Court, Julian E. Hughes, J., granted a partial summary judgment for defendants Michigan Mutual and Aetna. The plaintiff's claims against Aetna and the driver of the automobile were settled and dismissed by stipulation and the plaintiff appealed the summary judgment as to Michigan Mutual. The Court of Appeals reversed and remanded for a determination of the amount of no-fault benefits to which the plaintiff was entitled. 80 Mich App 145 (1977). Michigan Mutual appealed to the Supreme Court on the issue of the validity of the $5,000 deductible. The Supreme Court held that a motorcyclist injured in a motor vehicle accident must first look to his own insurer if he has one for personal protection benefits and that the delegation of authority to the Insurance Commissioner to approve deductibles was constitutional and remanded the case to the Court of Appeals for consideration of the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d (Rev), Automobile Insurance §§ 27, 367, 368.
Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 299.

additional challenges of the validity of the $5,000 deductible. 407 Mich 175 (1979). *Held:*

1. The deductible provision does not constitute a denial of equal protection by creating two classes of motorcyclists who are treated differently (those who are covered by their own policy who must look to their own insurer for recompense subject to the deductible and those are not covered by their own policy and can recover full benefits from the insurer of the automobile owner or driver involved in the accident) because, to the extent of the deductible, the motorcyclist is not uninsured, but self-insured, arising from the contractual arrangement between himself and his insurer.

2. The statute requiring an insurer to offer "deductibles and exclusions reasonably related to other health and accident coverage on the insured" does not require an insurer to make mid-term offers to its insureds in the absence of appropriate regulations from the Insurance Commissioner requiring such offers.

Summary judgment for Michigan Mutual reversed and remanded with instructions that Michigan Mutual shall have the benefit of the deductible.

A. E. KEYES, J., did not participate.

1. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BEN-
EFITS — DEDUCTIBLES — EQUAL PROTECTION.

The Insurance Commissioner's approval of a no-fault policy provision providing for a $5,000 deductible in personal protection benefits for injuries sustained by occupants of two-wheel motor vehicles does not constitute a denial of equal protection by creating two classes of motorcyclists who are treated differently (those who are covered by their own policy who must look to their own insurer for recompense subject to the deductible and those who are not covered by their own policy and can recover full benefits from the insurer of the automobile owner or driver involved in the accident) because, to the extent of the deductible, the motorcyclist is not uninsured, but self-insured, arising from the contractual arrangement between himself and his insurer.

2. INSURANCE — NO-FAULT INSURANCE — STATUTES — DEDUCTIBLES —
EXCLUSIONS — MID-TERM OFFERS.

The statute requiring an insurer to offer "deductibles and exclusions reasonably related to other health and accident coverage on the insured" does not require an insurer to make mid-term offers to its insureds in the absence of appropriate regulations

from the Insurance Commissioner requiring such offers (MCL 500.3109a; MSA 24.13109[1]).

*Keller, Keller & Creager* (by *Craig A. Rochav*), for plaintiff.

*Lilly, Smith & Domeny,* for defendant Michigan Mutual Liability Company.

Before: DANHOF, C.J., and T. M. BURNS and A. E. KEYES,* JJ.

## ON REMAND

PER CURIAM. This case comes before us on remand from the Supreme Court and is accompanied by an instruction that we consider an additional challenge to the validity of a $5,000 deductible in the policy under which plaintiff was insured by defendant. In its original opinion in this case, this Court, with Chief Judge DANHOF dissenting, held that the provision of the insurance policy setting forth the $5,000 deductible was invalid because the delegation of authority to the insurance commissioner to approve the deductible was not made with proper safeguards and constitutionally required standards. On October 29, 1979, the Supreme Court reversed the decision of this Court and remanded this case for our consideration of plaintiff's second challenge to the deductible.

Section 3109(3) of the no-fault act, MCL 500.3109(3); MSA 24.13109(3), provides:

"An insurer providing personal protection insurance benefits may offer, at appropriately reduced premium rates, a deductible of a specified dollar amount which does not exceed $300.00 per accident. This deductible

---

* Circuit judge, sitting on the Court of Appeals by assignment.

may be applicable to all or any specified types of personal protection insurance benefits but shall apply only to benefits payable to the person named in the policy, his spouse and any relative of either domiciled in the same household. Any other deductible provisions require the prior approval of the Commissioner."

On October 1, 1973, the insurance commissioner approved of no-fault insurance policy provisions providing for a $5,000 deductible for injuries sustained by occupants of two-wheel motor vehicles. Plaintiff argues that this deductible creates two classes of motorcyclists and treats them differently: a motorcyclist covered by a no-fault policy who is required to first look to his own insurer for recompense of his injuries and is subject to the deductible and a motorcyclist who is not covered by a no-fault policy and can recover full personal protection benefits from the insurer of the automobile owner or driver involved in the accident. Plaintiff contends that this classification has no rational relationship to any statutory purpose and, therefore, constitutes a denial of equal protection of the laws.

However, we hold that a motorcyclist is not *uninsured,* but *self-insured,* to the extent of his deductible and, as a consequence, no classification is made by § 3109(3). The deductible arises out of a contractual relationship between a motorcyclist and his insurer. In return for a reduced premium, a motorcyclist assumes the risk for the first $5,000 of bodily injury sustained in an accident. As was noted in the Supreme Court's opinion, plaintiff could have purchased an endorsement for an additional premium that would have eliminated the policy's "limits of liability" clause and the $5,000 deductible. To the extent that no such additional

protection was sought or purchased by plaintiff, any disadvantaged class that plaintiff may now fall into arose by a contractual agreement and not pursuant to the statute.

In support of our conclusion that plaintiff's challenge to the constitutionality of § 3109(3) must fail, we note that not only did plaintiff's father contract with defendant for reduced coverage in the form of an increased deductible, but he also contracted for an increase in coverage in another respect. The optional motorcycle endorsement on the insurance policy provides no-fault personal injury protection and coverage for motorcycle accidents in which *no* "motor vehicle" is involved and for which no no-fault motor vehicle coverage would otherwise provide compensation. Therefore, inasmuch as plaintiff has elected to place himself in the classification that he now claims is unconstitutional we are unpersuaded by plaintiff's argument that § 3109(3) violates equal protection of the laws.

We similarly reject plaintiff's contention that MCL 500.3109a; MSA 24.13109(1), which took effect in the second month of plaintiff's father's no-fault policy, required defendant to immediately offer to paintiff's father a deductible that was reasonably related to his other accident insurance coverage. In full, that statute reads as follows:

"An insurer providing personal protection insurance benefits shall offer, at appropriately reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage on the insured. The deductibles and exclusions required to be offered by this section shall be subject to prior approval by the commissioner and shall apply only to benefits payable to the person named in the policy, the spouse of the insured and any relative of either domiciled in the same household."

Prior to this statute's effective date, June 3, 1974, the insurance commissioner ordered insurers to offer deductibles of no greater than $300 in all new or renewal policies issued after this date. There is no evidence in the record that the commissioner ever approved of any regulations governing these newly mandated terms, other than this $300 deductible requirement. Nonetheless, plaintiff argues that § 3109a has required defendant to make mid-term offers of insurance coverage to its insureds of deductibles that were reasonably related to other health and insurance coverage and that were no greater than $300. We find this argument to be without merit because we cannot read the statute to require mid-term offers. This is particularly true in the absence of appropriate regulations from the commissioner which would have required the making of such offers.

Summary judgment for defendant Michigan Mutual Liability Company is reversed. In further proceedings, this defendant shall be entitled to benefits of the $5,000 deductible set forth in the policy agreed to by the parties.

A. E. KEYES, J., did not participate in this opinion.